1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILMER CUTLER PICKERING
    HALE AND DORR LLP
Randolph D. Moss     (pro hac vice)
Brian M. Boynton      (SBN 222193)
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
(202) 663-6363 (fax)
randolph.moss@wilmerhale.com
brian.boynton@wilmerhale.com

Attorneys for Defendant THE CALIFORNIA
TABLE GRAPE COMMISSION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO FARMS COMPANY; FOUR STAR FRUIT, INC.; AND GERAWAN FARMING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CALIFORNIA TABLE GRAPE COMMISSION; UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; AND TOM VILSACK, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE (IN HIS OFFICIAL CAPACITY), <br><br> Defendants. | CASE NO. 1:07-cv-01610-OWW-SMS <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT THE CALIFORNIA TABLE GRAPE COMMISSION'S MOTION TO INTERVENE IN PLAINTIFFS' FIRST CAUSE OF ACTION IN THE SECOND AMENDED COMPLAINT** <br><br> Date:   April 12, 2010 <br> Time:   10:00 a.m. <br> Judge:  Hon. Oliver W. Wanger <br> Ctrm.:  #3 |

# INTRODUCTION

Plaintiffs' Second Amended Complaint ("SAC") includes a cause of action under the Administrative Procedure Act ("APA") challenging exclusive licenses for three patented grape varieties granted by the United States Department of Agriculture ("USDA") to the California Table Grape Commission ("Commission") under the Bayh-Dole Act (35 U.S.C. § 209). Although the Commission is a defendant in this suit, plaintiffs' claim to set aside the licenses names only the United States, the USDA, and Secretary of Agriculture Tom Vilsack. The Commission, however, is a party to the license agreements and has a substantial interest in protecting its rights in those agreements. Thus, to the extent it is necessary to permit the Commission to defend the challenged licenses in this case, the Commission seeks to intervene in plaintiffs' APA cause of action as of right or, in the alternative, by permission of the Court, so that it may fully represent its interests, with no prejudice to the existing parties to that claim.

# ARGUMENT

## I.    THE COMMISSION MAY INTERVENE AS OF RIGHT UNDER RULE 24(a)

Intervention as of right must be granted where (i) intervention is sought in a timely manner; (ii) the applicant has a "significantly protectable interest relating to the property or transaction that is the subject of the action"; (iii) the disposition of the action may "impair or impede" the applicant's ability to protect that interest; and (iv) the existing parties do not adequately represent the applicant's interest. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); Fed. R. Civ. P. 24(a)(2). The rule is to be construed "broadly in favor of intervention," with the court "guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *see also United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988).

Each of these requirements is satisfied here:

1.    <u>The Commission's motion to intervene is timely</u>. Timeliness under Rule 24(a) takes into account three considerations: (i) the current stage of the proceedings; (ii) whether the existing parties would be prejudiced; and (iii) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Here, the Commission has moved to intervene within the time allotted for it and the other defendants to respond to the

MEM. ISO CTGC MOTION TO INTERVENE

1    SAC, which for the first time names the Commission to only a state-law cause of action.[1/]  The

2    Commission's intervention would have no effect on the schedule of the proceedings in this case.

3    Nor would the Commission's intervention prejudice the parties.  *See Petrol Stops Nw. v. Continental*

4    *Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981) (likelihood of prejudice is "perhaps the most important

5    factor in determining timeliness of a motion to intervene as of right").

6        2.    The Commission has a "significantly protectable interest."  The Commission has a

7    significantly protectable "interest" in the "property or transaction" that is the "subject" of plaintiffs'

8    APA claim—i.e., its exclusive licenses to distribute the three patented varieties. Fed. R. Civ. P.

9    24(a)(2); *see also Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993) (rule satisfied where

10    "the interest is protectable under some law" and "there is a relationship between the legally

11    protected interest and the claims at issue"); *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d

12    810, 820 (9th Cir. 2001) (noting that "[c]ontract rights are traditionally protectable interests" and

13    granting construction company's motion to intervene to defend city's land management plan and

14    permit process because company had made a "prima facie showing" that it had "a substantial interest

15    as a third-party beneficiary of the assurances and approval process set out in the [city plan] that

16    could be affected if the [plan] were invalidated")

17        3.    Disposition of this action could impair the Commission's interest.  A decision from

18    this Court in favor of plaintiffs on their APA claim could "impair or impede" the Commission's

19    ability to assert its rights under the licenses.  Indeed, whether plaintiffs seek to "set aside" the

20    licenses (SAC ¶ 82 and Prayer for Relief E) or seek a remand to the USDA, there can be little doubt

21    that plaintiffs' ultimate objective is to deprive the Commission of its existing rights under those

22    agreements.  Thus, the third factor in Rule 24(a)(2) is met here.  *See* Fed. R. Civ. P. 24 advisory

23    committee's note (rule satisfied if applicant demonstrates that its interest "would be substantially

24    affected in a practical sense by the determination made in an action"); *Southwest Ctr.*, 268 F.3d at

25

26    [1/]    *See Pacific Coast Fed'n Fishermen's Ass'ns v. Gutierrez*, No. 1:06-cv-00245, 2008 WL

27    4104257, at *5 (E.D. Cal. Sept. 2, 2008) (Wanger, J.) ("[T]he key date for assessing the timeliness of a motion to intervene is the date that the applicant should have been aware that its interests would no longer be adequately represented by one of the existing parties." (citing *Smith v. Marsh*, 194 F.3d

28    1045, 1052 (9th Cir. 1999)).

822.

4.    <u>The Commission's interests may not be adequately represented</u>.  The showing required to satisfy the inadequate representation factor of Rule 24(a)(2) is "minimal."  *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).[2/]  Although the government is presumed to adequately represent its constituents when it is acting on their behalf, *Prete*, 438 F.3d at 957, that presumption does *not* attach where the government and the potential intervenor "do not have sufficiently congruent interests" in the litigation, *Southwest Ctr.*, 268 F.3d at 823.[3/]  Here, the United States will retain its patent rights regardless of what happens to the licenses in this litigation, whereas the Commission relies on the licenses for its rights in the patented varieties and its ability to make those varieties available to growers.  Thus, the Commission's interest in defending the licenses is distinct from the federal government's.  In addition, the federal government will likely balance a number of interests if this case proceeds, including its interests in the license agreements, its institutional interests in administering the Bayh-Dole Act and other statutes, and the general public interest.  That broad and diverse range of interests is not "congruent" with the Commission's distinct interests in expanding and developing markets for fresh California grapes and implementing the Ketchum Act.  *Cf. id.* (finding city and federal agency's interests in defending land management plan not congruent with construction company's interest in permits granted thereunder); *California Hosp. Ass'n v. Maxwell-Jolly*, No. CV 09-3694, 2009 WL 4120725 (C.D. Cal. Nov. 23, 2009) (granting motion of California health plans to intervene on behalf of State to defend statutes governing certain Medicare payments because State would not adequately represent health plans' private economic interests).[4/]

---

[2/]    Rule 24(a)(2) requires the Court to consider (1) whether the existing parties "will undoubtedly make all of the intervenor's arguments"; (2) whether the existing parties are "capable of and willing to make such arguments"; and (3) "whether the intervenor offers a necessary element to the proceedings that would be neglected."  *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006); *see also Southwest Ctr.*, 268 F.2d at 822.

[3/]    "A presumption in favor of adequate representation by the government generally only arises in situations when the government is acting as *parens patriae*."  *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 418 & n.14 (Fed. Cl. 2006) (holding that government could not be presumed to adequately represent defense contractor's interest in the confidentiality of its trade secrets).

[4/]    *See also Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986) ("[The District of Columbia] would be shirking its duty if it were to advance [Intervenor's] narrow interest at the

1    Accordingly, the USDA will not adequately represent the interests of the Commission.

2    II.    **THE COMMISSION SHOULD BE PERMITTED IN THE ALTERNATIVE TO INTERVENE UNDER RULE 24(b)**

3
     In the alternative, the Commission requests that the Court grant it permission to intervene
4
     under Rule 24(b), which provides that "[o]n timely motion, the court may permit anyone to
5
     intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or
6
     defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.
7
     24(b)(1); *see also, e.g.*, *Amalgamated Sugar Co. v. Johanns*, No. 06-167, 2006 WL 2583706 (D.
8
     Idaho Sept. 7, 2006) (granting beet company that had been awarded a government contract
9
     permission to intervene in an APA action brought by a competitor against the USDA).[5/]  The
10
     Commission clearly satisfies subsection (B) of Rule 24(b)(1).  The Commission is a party to the
11
     license agreements that plaintiffs are seeking to set aside and has defenses to plaintiffs' claims that it
12
     should be allowed to assert.  Indeed, it would undermine fundamental notions of fairness to permit
13
     plaintiffs to attack the Commission's licenses without allowing the Commission to participate in the
14
     defense of those license agreements.

15
                                         **CONCLUSION**
16
     For the foregoing reasons, the Commission respectfully requests that its motion to intervene
17
     be granted.
18

19

20

21

22

23
_____
24   expense of its representation of the general public interest.  Since [Intervenor's] interest cannot be
     subsumed within the shared interest of the District of Columbia, no presumption exists that the
25   District will adequately represent its interests" (citation omitted)); *Hardin v. Jackson*, 600 F. Supp.
     2d 13 (D.D.C. 2009) (allowing company to intervene as of right as defendant in APA action
26   challenging the validity of pesticide registrations issued to company by agency).

     [5/]        Timeliness under Rule 24(b) is determined as it is under Rule 24(a), taking into account the
27   stage of the proceeding, the prejudice to existing parties, and the length and reason for the delay. *See
     League of United Latin Am. Citizens*, 131 F.3d at 1308.  Thus, for the reasons the Commission's
28   motion is timely under that provision of the rule, it is also timely under Rule 24(b).

                                    4          MEM. ISO CTGC MOTION TO INTERVENE

1  Date:   February 2, 2010

2                                                      Respectfully submitted,

3                                                      WILMER CUTLER PICKERING
                                                         HALE AND DORR LLP
4

5                                                      /s/ Randolph D. Moss
                                                       _____
6                                                      Randolph D. Moss

7                                                      Attorneys for Defendant THE CALIFORNIA
                                                       TABLE GRAPE COMMISSION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US1DOCS 7425774v7