1
2

UNITED STATES DISTRICT COURT

3

FOR THE EASTERN DISTRICT OF CALIFORNIA

4
5
6
7
8
9
10
11
12
13
14
15

DELANO FARMS COMPANY, FOUR
STAR FRUIT, INC., and
GERAWAN FARMING, INC.,

                    Plaintiffs,

          v.

THE CALIFORNIA TABLE GRAPE
COMMISSION, UNITED STATES OF
AMERICA, UNITED STATES
DEPARTMENT OF AGRICULTURE,
TOM VILSACK, SECRETARY OF
THE UNITED STATES DEPARTMENT
OF AGRICULGURE (IN HIS
OFFICIAL CAPACITY),

                    Defendants.

1:07-CV-1610 OWW SMS

MEMORANDUM DECISION AND
ORDER RE CALIFORNIA TABLE
GRAPE COMMISSION'S MOTION TO
INTERVENE IN PLAINTIFFS'
FIRST CAUSE OF ACTION IN THE
SECOND AMENDED COMPLAINT
(DOC. 97).

16
17

I. INTRODUCTION

18
19

Plaintiffs Second Amended Complaint ("SAC") includes a

20

cause of action under the Administrative Procedure Act

21

("APA") challenging exclusive licenses for three patentened

22

grape varieties granted by the United States Department of

23

Agriculture ("USDA") to the California Table Grape Commission

24

("Commission") under the Bayh-Dole Act, 35 U.S.C. § 209.

25

Although the Commission is named as a defendant in other

26

causes of action, it is not named as a defendant in the APA

27

claim.  "[T]o the extent it is necessary to permit the

28

Commission to defend the challenged licenses," the Commission

1

seeks to intervene in the APA claim.  Doc. 98.

Plaintiffs oppose the Commission's intervention in the APA claim.  Doc. 107.  The Commission replied.  Doc. 110.

## II. DISCUSSION

The Commission moves to intervene as of right or, in the alternative, to permissively intervene.

## A.   Intervention as of Right.

### 1.   Legal Standard.

Intervention is governed by Federal Rule of Civil Procedure 24.  To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant.  *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1993).  The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections."  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A four part test is used to evaluate a motion for intervention of right:

(1) the motion must be timely;

(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

2

(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council*, 66 F.3d at 1493.

    2.   <u>Timeliness.</u>

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Here, the SAC was filed November 16, 2009. Doc. 87. The parties stipulated to continue the deadline for all Defendants to respond to the SAC, resulting in a final deadline of February 2, 2010. Doc. 92. The Commission moved to intervene on February 2, 2010. Existing parties are not prejudiced when "the motion was filed before the district court made any substantive rulings." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Here, no substantive rulings have been made with respect to the SAC. The motion to intervene is timely.

    3.   <u>Significant Protectable Interests/ Impairment of Interests.</u>

To demonstrate a "significantly protectable interest,"

3

"a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id*. In addition, applicant must demonstrate that disposition of this action may, as a practical matter, impair or impede Applicants' abilities to protect their interests. This requirement demands only a showing that the applicant "would be substantially affected in a practical sense by the determination made in an action." *Southwest Ctr. for Biodiversity*, 268 F.3d at 822.

Here, Plaintiffs seek a declaration that the USDA's grant of an exclusive license to the Commission was unlawful and invalid, and request that the Court set aside the action. SAC ¶¶ 81-82. As the licensee, the Commission possesses a significant, protectable interest in the license that would be impeded if Plaintiff prevails on the APA claim.

Plaintiff's assertion in its opposition that it merely "seeks a judicial determination regarding whether the license granted to the Commission for the patents-in-suit complied with the requirements of the Bayh-Dole Act, Doc. 107 at 1, is disingenuous, as Plaintiffs concede that the Commission "may be impacted" by any decision regarding the validity of USDA's action. *Id*. Plaintiff's reliance on *Fisher Foods, Inc. v.*

4

*Ohio Dep't of Liquor Control*, 555 F. Supp. 641 (N.D. Ohio
1982), for the proposition that the Commission's interest is
insufficient for intervention is without merit.  In Fisher,
the district court determined that an industry association
representing small wine and beer dealers did not have an
interest sufficient to challenge a statute that applied to
all business enterprises because the "applicants' interest is
a general economic interest, the same as every seller and
distributor."  *Id*. at 650.  This is a far cry from the
present case, in which the APA claim challenges the validity
of a license held by the applicant (the Commission).

> 4.   **Existing Parties' Ability to Represent Applicants'
> Interests.**

The remaining issue is whether Applicant's interests are
adequately protected by other defendants.  In assessing the
adequacy of representation, the Ninth Circuit looks at three
factors:

> (1) whether the existing parties will undoubtedly
> make all of the applicant's arguments;

> (2) whether the existing parties are capable of and
> willing to make the applicant's arguments; and

> (3) whether the applicant offers a necessary element
> to the proceedings that otherwise would be
> neglected.

*Id*. at 823. "[T]he requirement of inadequacy of
representation is satisfied if the applicant shows that
representation of its interests may be inadequate .... [T]he

burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

Here, although the interests of the Commission and the USDA overlap, in that both have an interest in preserving the license agreements and commercializing the patented varieties, these interests are not identical.  For example, even if the licenses were invalidated, the USDA would still hold patents to the varietals, while the Commission would lose its rights with respect to the varietals.  Moreover, the USDA, as an agency of the Executive Branch must balance a number of policy considerations in the administration of its patents, including the broad policy goals of the Bayh-Dole Act.  *See Southwest Ctr.*, 268 F.3d at 823 (applicants not adequately represented by government agencies whose interests are "not simply to confirm" the applicant's interests, but include a broader "range of considerations").  The Commission's interests are not adequately represented by the Federal Defendants.

## III. <u>CONCLUSION</u>

The Commission satisfies all of the requirements for intervention as a matter of right.  It is not necessary to address the Commission's alternative request for permissive intervention.

Applicants' unopposed motion to intervene as a matter of

1    right is **GRANTED**, conditioned upon strictly limiting their

2    participation to issues about which they can provide unique

3    information and/or arguments.

4

5    SO ORDERED
     Dated:   July 23, 2010

6                                 **/s/ Oliver W. Wanger**

7                                    **Oliver W. Wanger**
                              **United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28