WILMER CUTLER PICKERING
   HALE AND DORR LLP
Randolph D. Moss      (pro hac vice)
Brian M. Boynton      (SBN 222193)
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
(202) 663-6363 (fax)
randolph.moss@wilmerhale.com
brian.boynton@wilmerhale.com

Attorneys for Defendant THE CALIFORNIA
TABLE GRAPE COMMISSION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

DELANO FARMS COMPANY; FOUR )
STAR FRUIT, INC.; AND GERAWAN )
FARMING, INC., )
                      )
             Plaintiffs, )
                      )
          v. )
                      )
THE CALIFORNIA TABLE GRAPE )
COMMISSION; UNITED STATES OF )
AMERICA; UNITED STATES )
DEPARTMENT OF AGRICULTURE; )
AND TOM VILSACK, SECRETARY )
OF THE UNITED STATES )
DEPARTMENT OF AGRICULTURE )
(IN HIS OFFICIAL CAPACITY), )
                      )
          Defendants. )
                      )

CASE NO. 1:07-cv-01610-LJO-JLT

**THE CALIFORNIA TABLE GRAPE
COMMISSION'S ANSWER TO
PLAINTIFFS' FIRST AMENDED
COMPLAINT**

Defendant The California Table Grape Commission ("Commission") and Plaintiffs have

agreed that, on remand from the United States Court of Appeals for the Federal Circuit, the

Commission will treat the First Amended Complaint ("FAC") as the operative complaint.  They

have further agreed that Plaintiffs' First, Sixth, Seventh, Eighth, Ninth Tenth, and Eleventh Claims

for Relief, along with any portions of the Second, Third, Fourth, and Fifth Claims for Relief that

purport to state claims under the Administrative Procedure Act, are no longer at issue.

       With that background, the Commission answers the FAC as follows:

1.      The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission responds as follows: Plaintiffs' First, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief, along with any portions of the Second, Third, Fourth, and Fifth Claims for Relief that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, have been dismissed and therefore no response to allegations that relate to those claims is required.  The allegations contained in the first sentence of this paragraph contain characterizations of the FAC to which no response is required.  To the extent a response is required, the Commission states that the FAC speaks for itself and denies the allegations to the extent that they incompletely or incorrectly characterize the FAC.  The Commission denies the allegations contained in the second, third, and fourth sentences of this paragraph.

2.      No response is required to this paragraph because Plaintiffs' state law claims have been dismissed and are no longer at issue.  To the extent a response is required, the Commission states that the allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a further response is required, the Commission denies the allegations contained in this paragraph.

3.      To the extent the first sentence of this paragraph sets forth factual assertions to which a response is required, the Commission denies that all of the acts and transactions complained of in the FAC "were conceived, carried out, made effective, and had effect within the State of California and within this district."  The Commission admits that its principal office is located in this District. Without admitting the truth of the allegations, the Commission also admits that a substantial part of the alleged events or omissions allegedly giving rise to Plaintiffs' Second, Third, and Fourth Claims for Relief occurred in this District.  The Commission denies that a substantial part of the alleged events or omissions allegedly giving rise to Plaintiffs' Fifth Claim for Relief occurred in this District.  No response is required to the allegation that a substantial part of the alleged events or omissions allegedly giving rise to Plaintiffs' First, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief, along with any portions of their Second, Third, and Fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the

CTGC ANSWER TO PLAINTIFFS' FAC

USDA to the Commission, occurred in this District because those claims have been dismissed and are no longer at issue.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

4.      The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies these allegations.

5.      The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies these allegations.

6.      The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies these allegations.

7.      The Commission admits the allegation contained in this paragraph.

8.      The Commission admits the allegation contained in this paragraph.

9.      The Commission admits that one of its purposes is to expand and maintain the market for California table grapes for the benefit of the State of California and those growers.  The Commission admits that the Commission is funded primarily by assessments levied on each shipment of California table grapes and that such assessments are paid by table grape shippers, who are authorized to collect such assessments from table grape producers.  The Commission admits the allegations contained in the third sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

10.     The allegations contained in this paragraph are conclusions of law to which no response is required.

11.     The allegation regarding the residence of the United States and the United States Department of Agriculture ("USDA") is a conclusion of law to which no response is required.  The Commission is without information sufficient to form a belief as to the truth of the allegations that the USDA is the "representative" of the United States and that the United States and the USDA "conduct business within the territorial jurisdiction of this Court" and on that basis denies these allegations.

CTGC ANSWER TO PLAINTIFFS' FAC

1    12.    The allegation contained in the first sentence of this paragraph is a conclusion of law

2  to which no response is required.  The Commission admits that USDA's headquarters are located on

3  Independence Avenue, S.W., Washington, D.C. 20004.

4    13.    The Commission is without information sufficient to form a belief as to the truth of

5  the allegation contained in this paragraph and on that basis denies the allegation.

6    14.    The Commission admits that Tom Vilsack is the Secretary of Agriculture.  The

7  remaining allegations contained in this paragraph are conclusions of law to which no response is

8  required.

9    15.    The Commission admits that it has provided funding from assessments on shipments

10  of California table grapes to a research program under the USDA to develop new table grape

11  varieties.  The Commission admits that such assessments are paid by table grape shippers, who are

12  authorized to collect such assessments from table grape producers.  The Commission admits that, as

13  disclosed to the PTO, the USDA, prior to 2002, had provided (under specified conditions) the

14  experimental selection then known as A61-16 (which was later named Sweet Scarlet) to certain area

15  growers for experimental use in grower trials under the direction and control of the USDA, but the

16  Commission is otherwise without information sufficient to form a belief as to the truth of the

17  allegations contained in the third sentence of this paragraph and on that basis denies the allegations.

18  The Commission admits that it is aware that, after an official decision was made to release one new

19  variety, the USDA provided small amounts of plant material from the variety free of charge to a

20  limited number of growers on a first-come, first-served basis, but the Commission is otherwise

21  without information sufficient to form a belief as to the truth of the allegations contained in the

22  fourth sentence of this paragraph and on that basis denies the allegations.  The Commission is

23  without information sufficient to form a belief as to the truth of the allegation contained in the last

24  sentence of this paragraph and on that basis denies the allegation.  Except as expressly admitted

25  herein, the allegations contained in this paragraph are denied.

26    16.    The Commission denies the allegations contained in the first sentence of this

27  paragraph.  The Commission admits that the USDA agreed to review the desirability of obtaining

28  intellectual property protection on a variety-by-variety basis and subsequently applied for patent

protection on certain new table grape varieties.  The Commission denies the allegations contained in the third sentence of this paragraph.  The Commission denies the allegations contained in the last sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

17.     The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission admits that nurseries sub-licensed to distribute patented varieties would be permitted to sell plant material, but denies the allegation that before the USDA began patenting new varieties, nurseries did not sell released USDA varieties to growers who wanted to obtain more than the small amount of plant material provided by USDA free of charge.  The Commission further admits that sub-licensed nurseries are required to pay a royalty to the Commission for each plant sold.  The Commission is without information sufficient to form a belief as to the truth of the allegation that sub-licensed nurseries are able to pass onto growers in the form of a higher price some or all royalties paid by the nursery and on that basis denies the allegation.  The Commission denies that nurseries were "hand-selected" and is without information sufficient to form a belief as to the truth of the remaining portion of the allegation contained in the last sentence of this paragraph and on that basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

18.     The Commission admits the allegations contained in the first sentence of this paragraph.  The allegations contained in the second and third sentences of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second and third sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

19.     The Commission admits that it recommended that the USDA patent certain varieties.  The Commission objects to the phrase "under development for years" as unduly vague and on that basis denies the remaining allegations contained in the first sentence of this paragraph.  The Commission denies the allegations contained in the second sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

CTGC ANSWER TO PLAINTIFFS' FAC

20.     The Commission admits that it developed an "amnesty program," but the Commission otherwise denies the allegations contained in the first sentence of this paragraph.  The Commission admits that it widely disseminated notices to growers and shippers regarding the amnesty program, but the Commission otherwise denies the allegations contained in the second sentence of this paragraph.  The Commission admits that the May 7, 2004 and July 12, 2004 memoranda to all California table grape growers and shippers stated that growers could obtain amnesty if they agreed to make certain payments and agreed to certain conditions set forth in the memoranda, including signing a license agreement.  The Commission admits that the notices informed growers that they could face legal action, including the possibility of damages and injunctive relief, if they declined to participate in the amnesty program.  The Commission admits that it promised to "hold names of amnesty program participants in confidence."  The Commission further states that the notices speak for themselves and denies the allegations contained in the second, third, and fourth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the memoranda.  The Commission admits that certain employees of the USDA knew of the amnesty program, but denies that the USDA "authorized the amnesty program as a way of concealing the fact that valid patents could not be obtained on the grapevine varieties identified by the Commission for patenting."  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

21.     The Commission admits that 18 growers participated in the Sweet Scarlet amnesty program in some form, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph, including the allegation that growers confirmed possession of Autumn King and Scarlet Royal under the amnesty program and the allegation that the Commission "expect[ed] that varieties identified for patenting were in public use."  The Commission admits that the amnesty notices were sent while the patents at issue were pending, but the Commission otherwise denies the allegations contained in the second sentence of this paragraph.  The allegations contained in the third sentence of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission denies the allegations contained in the third sentence of this paragraph.  The allegations contained in the fourth sentence of this

CTGC ANSWER TO PLAINTIFFS' FAC

1    paragraph are conclusions of law to which no response is required.  To the extent a response is

2    required, the Commission denies the allegations contained in the fourth sentence of this paragraph to

3    the extent that they incompletely or incorrectly characterize patent law and further denies that the

4    '891 patent, the '284 patent, or the '229 patent is invalid.

5        22.    The allegations contained in this paragraph are conclusions of law to which no

6    response is required.  To the extent a response is required, the Commission denies the allegations.

7    The Commission further states that the allegations contained in the third and fourth sentences of this

8    paragraph contain characterizations of the FAC to which no response is required.  To the extent a

9    response is required, the Commission states that the FAC speaks for itself and denies the allegations

10   contained in the third and fourth sentences of this paragraph to the extent that they incompletely or

11   incorrectly characterize the FAC.  The Commission further states that Plaintiffs' First, Sixth,

12   Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief, along with any portions of the

13   Second, Third, Fourth, and Fifth Claims for Relief that purport to state claims under the

14   Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, have

15   been dismissed and therefore no response to allegations that relate to those claims is required.

16       23.    The Commission admits the allegations contained in the first, second, and third

17   sentences of this paragraph, with the clarifications that the application listed David W. Ramming and

18   Ronald E. Tarailo as co-inventors and that the '891 patent is entitled "Grapevine Plant Denominated

19   'Sweet Scarlet.'"  The Commission denies the allegation contained in the last sentence of this

20   paragraph because the version of the patent attached to the FAC is not a clear reproduction and in

21   particular does not show all the detail in the figures that appears in the original patent.

22       24.    The Commission admits the allegation contained in this paragraph.

23       25.    The allegations contained in this paragraph are conclusions of law to which no

24   response is required.  To the extent a response is required, the Commission admits that it entered

25   into a license agreement regarding the '891 patent with the United States Government, as

26   represented by the United States Department of Agriculture, Agricultural Research Service.  The

27   Commission further states that the license speaks for itself and denies the allegations contained in

28   this paragraph to the extent that they incompletely or incorrectly characterize the license, and in

7        CTGC ANSWER TO PLAINTIFFS' FAC

1  particular denies that the Commission has the right under the agreement to enforce the '891 patent

2  against alleged infringers in the absence of permission from the USDA.

3        26.    The Commission admits the allegations contained in the first, second, and third

4  sentences of this paragraph, with the clarification that the application listed David W. Ramming and

5  Ronald E. Tarailo as co-inventors.  The Commission denies the allegation contained in the last

6  sentence of this paragraph because the version of the patent attached to the FAC is not a clear

7  reproduction and in particular does not show all the detail in the figures that appears in the original

8  patent.

9        27.    The Commission admits the allegation contained in this paragraph.

10        28.    The allegations contained in this paragraph are conclusions of law to which no

11  response is required.  To the extent a response is required, the Commission admits that it entered

12  into a license agreement regarding the '284 patent with the United States Government, as

13  represented by the United States Department of Agriculture, Agricultural Research Service.  The

14  Commission further states that the license speaks for itself and denies the allegations contained in

15  this paragraph to the extent that they incompletely or incorrectly characterize the license, and in

16  particular denies that the Commission has the right under the agreement to enforce the '284 patent

17  against alleged infringers in the absence of permission from the USDA.

18        29.    The Commission admits the allegations contained in the first, second, and third

19  sentences of this paragraph, with the clarification that the application listed David W. Ramming and

20  Ronald E. Tarailo as co-inventors.  The Commission denies the allegation contained in the last

21  sentence of this paragraph because the version of the patent attached to the FAC is not a clear

22  reproduction and in particular does not show all the detail in the figures that appears in the original

23  patent.

24        30.    The Commission admits the allegation contained in this paragraph.

25        31.    The allegations contained in this paragraph are conclusions of law to which no

26  response is required.  To the extent a response is required, the Commission admits that it entered

27  into a license agreement regarding the '229 patent with the United States Government, as

28  represented by the United States Department of Agriculture, Agricultural Research Service.  The

CTGC ANSWER TO PLAINTIFFS' FAC

1  Commission further states that the license speaks for itself and denies the allegations contained in

2  this paragraph to the extent that they incompletely or incorrectly characterize the license, and in

3  particular denies that the Commission has the right under the agreement to enforce the '229 patent

4  against alleged infringers in the absence of permission from the USDA.

5        32.    The allegations contained in this paragraph are conclusions of law to which no

6  response is required.  To the extent a response is required, the Commission admits that, among the

7  nurseries licensed, it has entered into license agreements regarding the Sweet Scarlet, Autumn King,

8  and Scarlet Royal varieties with Sunridge Nurseries, Vintage Nurseries, and Casa Cristal Nurseries.

9  The Commission further states that the licenses speak for themselves and denies the allegations

10  contained in this paragraph to the extent that they incompletely or incorrectly characterize the

11  licenses.

12        33.    The Commission admits that it is entitled to receive a royalty on each propagating

13  unit of a Patented Variety sold and that the Licensed Nurseries are responsible for paying that

14  royalty.  Whether Licensed Nurseries are "allowed" to pass the royalty amount onto the purchasing

15  growers is a conclusion of law to which no response is required.  To the extent a response is

16  required, the Commission states that the licenses speak for themselves and denies the allegation to

17  the extent that it incompletely or incorrectly characterizes the licenses.  The Commission is without

18  information sufficient to form a belief as to the truth of the allegation that the Licensed Nurseries do

19  pass, and have passed, the royalty amount onto the purchasing growers and on that basis denies the

20  allegation.  The Commission admits that it pays a portion of the royalty it receives to the USDA.

21  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

22        34.    The Commission is without information sufficient to form a belief as to the truth of

23  the allegation that Casa Cristal Nursery is owned by Andrew Zaninovich and on that basis denies the

24  allegation.  The Commission admits that Andrew Zaninovich's father is Marko B. Zaninovich and

25  that Marko B. Zaninovich has served and continues to serve as a board member of the Commission.

26  The remaining allegations contained in the second sentence of this paragraph are unduly vague and

27  on that basis the Commission denies them.

28

        CTGC ANSWER TO PLAINTIFFS' FAC

35.    The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. purchased Autumn King, Sweet Scarlet, and Scarlet Royal vines from Licensed Nurseries.  The Commission admits that Plaintiff Four Star Fruit, Inc. purchased Scarlet Royal vines from Licensed Nurseries.  The Commission denies that Plaintiff Four Star Fruit purchased Autumn King or Sweet Scarlet vines from Licensed Nurseries.  The Commission denies that Plaintiffs paid the royalties on each purchased plant.  The Commission is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

36.    The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. have entered into a Domestic Grower License Agreement with the Commission with respect to the '891 patent, but denies that Plaintiff Four Star Fruit, Inc. has done so.  The Commission denies that Plaintiffs have paid a license fee to a Licensed Nursery in consideration for entering into the Domestic Grower License Agreement.  The allegations in the second, third, fourth, and fifth sentences of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second, third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

37.    The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. have entered into a Domestic Grower License Agreement with the Commission with respect to the '284 patent, but denies that Plaintiff Four Star Fruit, Inc. has done so.  The Commission denies that Plaintiffs have paid a license fee to a Licensed Nursery in consideration for entering into the Domestic Grower License Agreement.  The allegations in the second, third, fourth, and fifth sentences of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second, third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

CTGC ANSWER TO PLAINTIFFS' FAC

38.     The Commission admits that Plaintiffs have entered into a Domestic Grower License Agreement with the Commission with respect to the '229 patent.  The Commission denies that Plaintiffs have paid a license fee to a Licensed Nursery in consideration for entering into the Domestic Grower License Agreement.  The allegations in the second, third, fourth, and fifth sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second, third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

39.     The Commission denies the allegation contained in the first sentence of this paragraph.  The Commission admits that at times it has operated at a surplus and has retained surplus funds for use in future years, but the Commission otherwise denies the allegations contained in the second sentence of this paragraph.

40.     The Commission admits that Dr. Ramming, the co-inventor of the Patented Varieties, is a researcher at a USDA facility located near Fresno, California.  The Commission admits that for at least 20 years, Dr. Ramming has operated a USDA research program relating to the development of new table grape varieties.  The Commission admits that since the early 1980s it has funded a portion of the USDA's grapevine breeding program with funds derived from assessments on the shipment of California table grapes.  The Commission is without information sufficient to form a belief as to the truth of the allegation contained in the last sentence of this paragraph and on that basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

41.     The Commission admits the allegation contained in the first sentence of this paragraph.  The Commission admits that it is aware that, after an official decision was made to release one new variety, the USDA provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and on that basis denies the allegations.

CTGC ANSWER TO PLAINTIFFS' FAC

42.     The Commission denies the allegations contained in the first and second sentences of this paragraph.  The Commission admits that in the past foreign growers sometimes obtained new table grape varieties developed by the USDA with partial funding from the Commission and at times used those varieties to compete with California growers, but the Commission otherwise denies the allegations contained in the third sentence of this paragraph.  The Commission denies the allegations contained in the fourth and fifth sentences of this paragraph.  The allegations contained in the sixth and seventh sentences of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission admits that it entered into a memorandum of understanding with the USDA, but denies that the USDA agreed the Commission could serve as the exclusive licensee for all patented varieties and denies that the Commission has been granted exclusive enforcement authority.  The Commission further states that the memorandum of understanding speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the memorandum of understanding.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

43.     The Commission admits that it has a patenting and licensing program, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph.  The Commission admits that it recognized that the patenting and licensing program could have benefits, but the Commission otherwise denies the allegations in the second sentence of this paragraph, including the implication that the benefits in question are those identified in this paragraph.  The Commission denies the allegations contained in the third, fourth, and fifth sentences of this paragraph.

44.     The allegations contained in the first sentence of this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, the Commission states that the license agreement speaks for itself and denies the allegations contained in the first sentence of this paragraph to the extent that they incompletely or incorrectly characterize the agreement.  The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of this paragraph and on that basis denies the allegations.

CTGC ANSWER TO PLAINTIFFS' FAC

45.     The Commission admits that it charges nurseries who distribute patented varieties a $5,000 participation fee per patented variety and an additional $1 royalty per production unit sold, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and on that basis denies the allegations.

46.     The Commission denies the allegations contained in this paragraph.

47.     The Commission admits that its Board and relevant committees, including the Research Committee, help oversee and administer the Commission's patenting and licensing activities, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph.  The Commission denies the allegations contained in the second sentence of this paragraph.  The Commission admits that the Research Committee makes recommendations to Dr. Ramming regarding the USDA's breeding program and which new experimental selections should be patented and released, but the Commission otherwise denies the allegations contained in the third sentence of this paragraph.  The Commission admits that to date the USDA, exercising its ultimate decision-making authority, has patented only new table grape varieties that the Commission has recommended for patenting and has applied for patents only on new table grape experimental selections once receiving a recommendation from the Commission to do so, but the Commission otherwise denies the allegations contained in the fourth sentence of this paragraph.

48.     The Commission admits that, as the USDA disclosed to the PTO, prior to the patenting and licensing program, the USDA provided certain growers with certain plant material for the purpose of conducting experimental grower trials under the direction of the inventors, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph, including the allegations that these trials were "large-scale" and that they involved the experimental selections later named Autumn King and Scarlet Royal.  The Commission admits that growers participating in the grower trials were allowed to grow the experimental selection for experimental use under the direction of the inventors, sell the fruit produced (which cannot be used to propagate the experimental selection), and retain the proceeds of those sales, but the Commission otherwise

13                    CTGC ANSWER TO PLAINTIFFS' FAC

denies the allegations contained in the second sentence of this paragraph.  The Commission denies the allegations contained in the third sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of this paragraph and on that basis denies the allegations.

49.    The Commission denies the allegations contained in the first and second sentences of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the allegation contained in the third sentence of this paragraph and on that basis denies the allegation.  The Commission admits that it is aware that, after an official decision was made to release one new variety, the USDA provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph and on that basis denies the allegations.

50.    The Commission denies the allegations contained in this paragraph.

51.    The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph and on that basis denies the allegations.

52.    The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission admits that Dr. Ramming discussed each of the Patented Varieties with the Commission between 2001 and 2003 and that Dr. Ramming discussed the Patented Varieties during meetings of the Commission's Research Committee that members of the public could have attended.  The Commission admits the allegation contained in the fourth sentence of this paragraph.  The Commission denies the allegations contained in the last sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

53.    The Commission admits that by 2001, its Research Committee was evaluating the experimental selections later named Sweet Scarlet, Autumn King, and Scarlet Royal, along with other experimental selections, for the purpose of, among other things, formulating a recommendation to the USDA on whether the experimental selections should be released.  The Commission admits the allegations contained in the second and third sentences of this paragraph.

CTGC ANSWER TO PLAINTIFFS' FAC

1  The Commission admits that the USDA filed a patent application on the Sweet Scarlet variety in

2  February 2003.  Except as expressly admitted herein, the allegations contained in this paragraph are

3  denied.

4         54.     The Commission admits that it recommended proceeding with the patenting and

5  release of the experimental selection later known as Sweet Scarlet.  The Commission admits that it

6  recommended that any release of the experimental selections later known as Autumn King and

7  Sweet Scarlet await further evaluation and research.  The Commission denies the allegations

8  contained in the third and fourth sentences of this paragraph.  Except as expressly admitted herein,

9  the allegations contained in this paragraph are denied.

10         55.     The allegation contained in the first sentence of this paragraph is a conclusion of law

11  to which no response is required.  To the extent a response is required, the Commission denies the

12  allegation contained in the first sentence of this paragraph.  The Commission admits that the

13  Patented Varieties had been asexually propagated and had undergone multiple growing cycles before

14  2002 in the case of Sweet Scarlet and before 2004 in the cases of Autumn King and Scarlet Royal,

15  but the Commission otherwise denies the allegations contained in the second sentence of this

16  paragraph.  The allegations contained in the third and fourth sentences of this paragraph are

17  conclusions of law to which no response is required.  To the extent a response is required, the

18  Commission denies the allegations contained in the third and fourth sentences of this paragraph.

19         56.     The Commission denies the allegations contained in the first and second sentences of

20  this paragraph.  The Commission admits that prior to seeking patent protection, the USDA discussed

21  the experimental selections at public meetings and displayed fruit from the experimental selections

22  as part of an experimental testing and evaluation process, but the Commission otherwise is without

23  information sufficient to form a belief as to the truth of the allegations contained in the third

24  sentence of this paragraph and on that basis denies the allegations.  The Commission admits that the

25  USDA kept the experimental selections later named Autumn King and Scarlet Royal at facilities at

26  California State University at Fresno, but the Commission otherwise is without information

27  sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this

28  paragraph and on that basis denies the allegations.  The Commission is without information

     CTGC ANSWER TO PLAINTIFFS' FAC

1  sufficient to form a belief as to the truth of the allegations contained in the fifth, sixth, and seventh

2  sentences of this paragraph and on that basis denies the allegations.

3      57.    The Commission is without information sufficient to form a belief as to the truth of

4  the allegations contained in the first sentence of this paragraph and on that basis denies the

5  allegations.  The Commission admits that the Commission and Dr. Ramming discussed the fact that

6  propagation and sale of wood from experimental selections in the marketplace could jeopardize the

7  ability of the USDA to patent experimental selections should they be deemed worthy of release and

8  patenting, but the Commission otherwise denies the allegations contained in the second sentence of

9  this paragraph.

10     58.    The Commission denies the allegations contained in this paragraph.

11     59.    The Commission denies the allegations contained in this paragraph.

12     60.    The Commission is without information sufficient to form a belief as to the truth of

13  the allegations contained in this paragraph and on that basis denies the allegations.

14     61.    The Commission is without information sufficient to form a belief as to the truth of

15  the allegations contained in the first, second, third, and fourth sentences of this paragraph and on that

16  basis denies the allegations.  The Commission denies the allegations contained in the last sentence of

17  this paragraph.

18     62.    The Commission is without information sufficient to form a belief as to the truth of

19  the allegations contained in this paragraph and on that basis denies the allegations.

20     63.    The Commission denies the allegations contained in this paragraph.

21     64.    The Commission denies the allegations contained in this paragraph.

22     65.    The Commission admits that in May 2004, it sent a memorandum to all California

23  table grape growers and shippers.  The Commission states that the memorandum speaks for itself

24  and denies the allegations contained in this paragraph to the extent that they incompletely or

25  incorrectly characterize the memorandum.  To the extent a further response is required, the

26  Commission responds as follows:  The Commission admits that the memorandum informed growers

27  and shippers that the USDA had applied for a patent on the Sweet Scarlet variety.  The Commission

28  admits that the patent on Sweet Scarlet issued on July 26, 2005, and that in the May 2004 notice, the

1   Commission stated that it was offering "amnesty" to any grower with unreleased Sweet Scarlet plant

2   material.  The Commission denies the allegations contained in the third sentence of this paragraph.

3   Except as expressly admitted herein, the allegations contained in this paragraph are denied.

4        66.     The Commission admits the allegations contained in this paragraph, with the

5   clarification that the notice stated that the amnesty program included "any unreleased USDA

6   varieties."

7        67.     The Commission admits that the May 2004 notice stated that "the commission will, if

8   necessary, pursue all available remedies to prevent the misappropriation and unlawful exploitation

9   of these property rights, including requiring the grafting or removal of unauthorized grapevines,

10  enjoining from shipping the unauthorized fruit, and obtaining compensation for financial and other

11  damages caused by the unlawful use of this proprietary material."  The Commission admits that the

12  July 2004 notice stated: "Failure to accept this agreement will, unfortunately, result in legal action

13  and escalating financial penalties.  In addition to the penalties outlined above, those in violation of

14  the USDA plant patent and commission license will face court-ordered injunctions preventing the

15  sale of the variety and/or court-ordered destruction of the vines as well as monetary damages for

16  patent infringement and prohibition from receiving any future patented and licensed varieties."  The

17  Commission further states that the memoranda speak for themselves and denies the allegations

18  contained in the first sentence of this paragraph to the extent that they incompletely or incorrectly

19  characterize the memoranda.  The Commission admits that the patent on Sweet Scarlet issued on

20  July 26, 2005.  The Commission admits that the July 2004 notice was sent between June 29, 2004,

21  when the Examiner issued his initial office action preliminarily rejecting claim 1 of the Sweet

22  Scarlet patent on limited grounds, and October 29, 2004, when the Examiner issued a notice of

23  allowability.  The Commission admits that the patent applications for Autumn King and Scarlet

24  Royal were filed on September 28, 2004.  Except as expressly admitted herein, the allegations

25  contained in this paragraph are denied.

26       68.     The Commission denies the allegations contained in this paragraph.

27       69.     The Commission denies the allegations contained in this paragraph.

28

70.     The Commission denies that it learned through its amnesty program that growers possessed and reproduced Sweet Scarlet prior to February 20, 2002 and therefore denies the allegations contained in this paragraph.

**First Claim for Relief**

71.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

72.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

73.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

74.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

75.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

76.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

77.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

78.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

79.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

80.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

81.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

82.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

CTGC ANSWER TO PLAINTIFFS' FAC

83.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

84.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

85.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

86.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

87.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

88.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

89.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

90.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

91.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

92.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

93.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

94.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

95.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

96.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

CTGC ANSWER TO PLAINTIFFS' FAC

97.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

98.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

99.     No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

100.    No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

101.    No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

102.    No response is required to this paragraph because Plaintiffs' First Claim for Relief has been dismissed and is no longer at issue.

**Second Claim for Relief**

103.    The Commission incorporates by reference its earlier responses to paragraphs 1-102 as if fully set forth herein.

104.    The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent a response is required, the Commission states that the FAC speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the FAC.

105.    The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

106.    The Commission admits that it is the licensee of the '891 patent and that the Commission requires growers to sign a Domestic Grower License Agreement before they can plant

20                          CTGC ANSWER TO PLAINTIFFS' FAC

1   Sweet Scarlet grapevines and harvest fruit from Sweet Scarlet grapevines, but the Commission

2   otherwise denies the allegations contained in the first sentence of this paragraph.

3        107.    The Commission admits that Delano Farms and Gerawan Farming have obtained a

4   limited license to use the Sweet Scarlet variety in compliance with the terms of the Domestic

5   Grower License Agreement.  The Commission denies that Four Star Fruit has obtained such a

6   license.  The Commission is without information sufficient to form a belief as to the truth of the

7   allegation that Plaintiffs "possess Sweet Scarlet grapevines" and on that basis denies the allegation.

8   Except as expressly admitted herein, the allegations contained in this paragraph are denied.

9        108.    The allegations contained in this paragraph are conclusions of law to which no

10  response is required.  To the extent that a response is required, the Commission denies the

11  allegations contained in this paragraph.

12       109.    The allegation contained in this paragraph is a conclusion of law to which no

13  response is required.  To the extent that a response is required, the Commission is without

14  information sufficient to form a belief as to the truth of the allegation contained in this paragraph

15  and on that basis denies the allegation.

16       110.    The allegation contained in this paragraph is a conclusion of law to which no

17  response is required.  The Commission further states that no response is required to allegations that

18  relate to any purported claim under the Administrative Procedure Act because any such claim has

19  been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

20  denies the allegations contained in this paragraph.

21       111.    The Commission denies the allegations contained in the first sentence of this

22  paragraph.  The Commission is without information sufficient to form a belief as to the truth of the

23  allegations contained in the second sentence of this paragraph and on that basis denies the

24  allegations.  The Commission denies the allegations contained in the third sentence this paragraph.

25  The Commission further states that no response is required to allegations that relate to any purported

26  claim under the Administrative Procedure Act because any such claim has been dismissed and is no

27  longer at issue.

28

CTGC ANSWER TO PLAINTIFFS' FAC

112.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

113.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

114.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

**Third Claim for Relief**

115.     The Commission incorporates by reference its earlier responses to paragraphs 1-114 as if fully set forth herein.

116.     The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent a response is required, the Commission states that the FAC speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the FAC.

117.     The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has

CTGC ANSWER TO PLAINTIFFS' FAC

1    been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

2    denies the allegations contained in this paragraph.

3         118.    The Commission admits that it is the licensee of the '284 patent and that the

4    Commission requires growers to sign a Domestic Grower License Agreement before they can plant

5    Autumn King grapevines and harvest fruit from Autumn King grapevines, but the Commission

6    otherwise denies the allegations contained in the first sentence of this paragraph.

7         119.    The Commission admits that Delano Farms and Gerawan Farming have obtained a

8    limited license to use the Autumn King variety in compliance with the terms of the Domestic

9    Grower License Agreement.  The Commission denies that Four Star Fruit has obtained such a

10   license.  The Commission is without information sufficient to form a belief as to the truth of the

11   allegation that Plaintiffs "possess Autumn King grapevines" and on that basis denies the allegation.

12   Except as expressly admitted herein, the allegations contained in this paragraph are denied.

13        120.    The allegations contained in this paragraph are conclusions of law to which no

14   response is required.  To the extent that a response is required, the Commission denies the

15   allegations contained in this paragraph.

16        121.    The allegation contained in this paragraph is a conclusion of law to which no

17   response is required.  To the extent that a response is required, the Commission is without

18   information sufficient to form a belief as to the truth of the allegation contained in this paragraph

19   and on that basis denies the allegation.

20        122.    The allegation contained in this paragraph is a conclusion of law to which no

21   response is required.  The Commission further states that no response is required to allegations that

22   relate to any purported claim under the Administrative Procedure Act because any such claim has

23   been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

24   denies the allegations contained in this paragraph.

25        123.    The Commission denies the allegations contained in the first sentence of this

26   paragraph.  The Commission is without information sufficient to form a belief as to the truth of the

27   allegations contained in the second sentence of this paragraph and on that basis denies the

28   allegations.  The Commission denies the allegations contained in the third sentence this paragraph.

CTGC ANSWER TO PLAINTIFFS' FAC

The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.

124.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

125.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

126.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

**Fourth Claim for Relief**

127.    The Commission incorporates by reference its earlier responses to paragraphs 1-126 as if fully set forth herein.

128.    The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent a response is required, the Commission states that the FAC speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the FAC.

CTGC ANSWER TO PLAINTIFFS' FAC

129.   The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

130.   The Commission admits that it is the licensee of the '229 patent and that the Commission requires growers to sign a Domestic Grower License Agreement before they can plant Scarlet Royal grapevines and harvest fruit from Scarlet Royal grapevines, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph.

131.   The Commission admits that Plaintiffs have obtained a limited license to use the Scarlet Royal variety in compliance with the terms of the Domestic Grower License Agreement. The Commission is without information sufficient to form a belief as to the truth of the allegation that Plaintiffs "possess Scarlet Royal grapevines" and on that basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

132.   The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

133.   The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission is without information sufficient to form a belief as to the truth of the allegation contained in this paragraph and on that basis denies the allegation.

134.   The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

135.   The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the

CTGC ANSWER TO PLAINTIFFS' FAC

allegations contained in the second sentence of this paragraph and on that basis denies the allegations.  The Commission denies the allegations contained in the third sentence this paragraph.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.

136.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

137.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

138.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

**Fifth Claim for Relief**

139.    The Commission incorporates by reference its earlier responses to paragraphs 1-138 as if fully set forth herein.

140.    The Commission denies that the Sweet Scarlet variety was in public use through reproduction prior to February 2002.  The Commission admits that, as the USDA disclosed to the PTO, fruit from the A61-16 experimental selection (which cannot be used to propagate the selection) was sold before February 2002 as part of the grower trials.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

CTGC ANSWER TO PLAINTIFFS' FAC

141.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

142.    The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

143.    The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

144.    The allegation contained in the first sentence of this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in the first sentence of this paragraph.  The Commission denies the allegation contained in the second sentence of this paragraph.

145.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

146.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

147.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

148.    The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and on that basis denies the allegations.  The Commission denies the allegations contained in the third sentence of this paragraph.

149.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission is without

CTGC ANSWER TO PLAINTIFFS' FAC

1   information sufficient to form a belief as to the truth of the allegation contained in this paragraph

2   and on that basis denies the allegation.

3       150.    The allegations contained in this paragraph are conclusions of law to which no

4   response is required.  To the extent that a response is required, the Commission denies the

5   allegations contained in this paragraph.

6       151.    The allegation contained in this paragraph is a conclusion of law to which no

7   response is required.  To the extent that a response is required, the Commission denies the allegation

8   contained in this paragraph.

9       152.    The allegation contained in this paragraph is a conclusion of law to which no

10  response is required.  To the extent that a response is required, the Commission denies the allegation

11  contained in this paragraph.

12                              **Sixth Claim for Relief**

13      153.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

14  has been dismissed and is no longer at issue.

15      154.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

16  has been dismissed and is no longer at issue.

17      155.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

18  has been dismissed and is no longer at issue.

19      156.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

20  has been dismissed and is no longer at issue.

21      157.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

22  has been dismissed and is no longer at issue.

23      158.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

24  has been dismissed and is no longer at issue.

25      159.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

26  has been dismissed and is no longer at issue.

27      160.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief

28  has been dismissed and is no longer at issue.

161.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief has been dismissed and is no longer at issue.

162.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief has been dismissed and is no longer at issue.

163.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief has been dismissed and is no longer at issue.

164.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief has been dismissed and is no longer at issue.

165.    No response is required to this paragraph because Plaintiffs' Sixth Claim for Relief has been dismissed and is no longer at issue.

**Seventh Claim for Relief**

166.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

167.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

168.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

169.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

170.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

171.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

172.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

173.    No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

CTGC ANSWER TO PLAINTIFFS' FAC

174. No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

175. No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

176. No response is required to this paragraph because Plaintiffs' Seventh Claim for Relief has been dismissed and is no longer at issue.

**Eighth Claim for Relief**

177. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

178. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

179. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

180. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

181. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

182. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

183. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

184. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

185. No response is required to this paragraph because Plaintiffs' Eighth Claim for Relief has been dismissed and is no longer at issue.

**Ninth Claim for Relief**

186. No response is required to this paragraph because Plaintiffs' Ninth Claim for Relief has been dismissed and is no longer at issue.

CTGC ANSWER TO PLAINTIFFS' FAC

187.    No response is required to this paragraph because Plaintiffs' Ninth Claim for Relief has been dismissed and is no longer at issue.

188.    No response is required to this paragraph because Plaintiffs' Ninth Claim for Relief has been dismissed and is no longer at issue.

189.    No response is required to this paragraph because Plaintiffs' Ninth Claim for Relief has been dismissed and is no longer at issue.

190.    No response is required to this paragraph because Plaintiffs' Ninth Claim for Relief has been dismissed and is no longer at issue.

### Tenth Claim for Relief

191.    No response is required to this paragraph because Plaintiffs' Tenth Claim for Relief has been dismissed and is no longer at issue.

192.    No response is required to this paragraph because Plaintiffs' Tenth Claim for Relief has been dismissed and is no longer at issue.

193.    No response is required to this paragraph because Plaintiffs' Tenth Claim for Relief has been dismissed and is no longer at issue.

### Eleventh Claim for Relief

194.    No response is required to this paragraph because Plaintiffs' Eleventh Claim for Relief has been dismissed and is no longer at issue.

195.    No response is required to this paragraph because Plaintiffs' Eleventh Claim for Relief has been dismissed and is no longer at issue.

196.    No response is required to this paragraph because Plaintiffs' Eleventh Claim for Relief has been dismissed and is no longer at issue.

197.    No response is required to this paragraph because Plaintiffs' Eleventh Claim for Relief has been dismissed and is no longer at issue.

### Prayer for Relief

198.    To the extent a response is necessary to the prayer for relief, the Commission denies that Plaintiffs are entitled to the relief requested in the FAC or to any relief whatsoever.

CTGC ANSWER TO PLAINTIFFS' FAC

## THE COMMISSION'S DEFENSES TO PLAINTIFFS' FAC

The Commission asserts the following defenses to Plaintiffs' FAC.  Assertion of a defense is not a concession that the Commission has the burden of proving the matter asserted.  The Commission reserves the right to assert all other defenses that may be revealed subsequent to this Answer.

### FIRST DEFENSE

199.    Plaintiffs fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

200.    Plaintiffs' claims must be dismissed under Fed. R. Civ. P. 12(b)(7) and Rule 19 for failure to join a party.

### THIRD DEFENSE

201.    To the extent applicable, Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, and unclean hands.

### FOURTH DEFENSE

202.    Plaintiffs' first, sixth, seventh, eighth, ninth, tenth, and eleventh claims, as well as any portions of their second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, have been dismissed.  Further litigation of those claims is barred under the mandate rule.

### FIFTH DEFENSE

203.    Plaintiffs' first, sixth, seventh, eighth, ninth, tenth, and eleventh claims, as well as any portions of their second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, have been dismissed.  Further litigation of those claims is barred under the law of the case doctrine.

### SIXTH DEFENSE

204.    Plaintiffs' first, sixth, seventh, eighth, ninth, tenth, and eleventh claims for relief, as well as any portions of their second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, have

32                    CTGC ANSWER TO PLAINTIFFS' FAC

been dismissed.  Further litigation of those claims is barred under the doctrine of issue preclusion (collateral estoppel).

**SEVENTH DEFENSE**

205.    Plaintiffs' first, sixth, seventh, eighth, ninth, tenth, and eleventh claims for relief, as well as any portions of their second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, have been dismissed.  Further litigation of those claims is barred under the doctrine of claim preclusion (*res judicata*).

**EIGHTH DEFENSE**

206.    Plaintiffs do not have standing to recover royalties paid to the Commission by Licensed Nurseries.

**NINTH DEFENSE**

207.    Plaintiffs do not have standing to recover sums paid by other growers.

**TENTH DEFENSE**

208.    The sovereign immunity of the United States and principles of federal preemption bar Plaintiffs from recovering royalties collected by the Commission on behalf of the United States.

**ELEVENTH DEFENSE**

209.    Plaintiffs are not entitled to recover sums paid before the initiation of their lawsuit because such sums were paid under an existing license agreement.


WHEREFORE, the Commission respectfully requests the following relief:

A.    That the Court dismiss the FAC with prejudice and deny each prayer for relief sought by Plaintiffs;

B.    That the Commission recover from Plaintiffs all expenses, including costs and attorney's fees, to which it is entitled; and

C.    That the Court grant such further relief as the Court deems just and proper.

Plaintiffs are not entitled to a jury trial.

CTGC ANSWER TO PLAINTIFFS' FAC

1   Date:   January 20, 2012

2                                                   Respectfully submitted,

3                                                   WILMER CUTLER PICKERING
                                                       HALE AND DORR LLP
4

5                                                   /s/ Brian M. Boynton
                                                    Brian M. Boynton
6

7                                                   Attorneys for Defendant THE CALIFORNIA
                                                    TABLE GRAPE COMMISSION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28