WILMER CUTLER PICKERING
   HALE AND DORR LLP
Randolph D. Moss      (pro hac vice)
Brian M. Boynton      (SBN 222193)
Thomas G. Saunders   (pro hac vice)
Deborah A. Yates      (pro hac vice)
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
(202) 663-6363 (fax)
randolph.moss@wilmerhale.com

Attorneys for Defendant THE CALIFORNIA
TABLE GRAPE COMMISSION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO FARMS COMPANY; FOUR STAR FRUIT, INC.; AND GERAWAN FARMING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CALIFORNIA TABLE GRAPE COMMISSION; UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; AND TOM VILSACK, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE (IN HIS OFFICIAL CAPACITY), <br><br> Defendants. | CASE NO. 1:07-cv-01610-LJO-JLT <br><br> **THE CALIFORNIA TABLE GRAPE COMMISSION'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

     Defendant The California Table Grape Commission ("Commission") answers Plaintiffs' Third Amended Complaint ("TAC") as set forth below.  Many of the factual allegations that Plaintiffs have carried over to the TAC from their three previously dismissed complaints are not relevant to any of the claims that remain in the case.  The Commission objects to the inclusion of these irrelevant allegations in the TAC, and its response to the irrelevant allegations should not be deemed a waiver of any relevance objection.

1

**PRELIMINARY STATEMENT**

2      1.      This paragraph contains descriptive matter to which no response is required.  To the

3 extent a response is required, the Commission responds as follows:  The Commission denies that

4 Plaintiffs are "challenging the USDA action in granting exclusive licenses to the Commission"

5 because Plaintiffs' challenges to the licenses from the USDA to the Commission were dismissed and

6 are no longer at issue.  The Commission denies that Plaintiffs are entitled to relief on the claims

7 asserted in the TAC and denies that the challenged patents are invalid and (for one variety)

8 unenforceable.  The Commission admits that its license agreements with growers prohibit self-

9 propagation of the patented grape vine varieties, but the Commission otherwise denies the

10 allegations contained in the third, fourth, fifth, sixth, and seventh sentences of this paragraph.

11 Except as expressly admitted herein, the allegations contained in this paragraph are denied.

12      2.      This paragraph contains descriptive matter to which no response is required.  To the

13 extent a response is required, the Commission denies that Plaintiffs are entitled to rescission of the

14 grower license agreements, restitution of royalties received by the Commission, or disgorgement by

15 the Commission of allegedly wrongfully obtained royalties on allegedly invalid patents.

16

**JURISDICTION AND VENUE**

17      3.      The allegations contained in this paragraph are conclusions of law to which no

18 response is required.  To the extent a response is required, the Commission responds as follows:

19 Plaintiffs' claims under the Administrative Procedure Act have been dismissed, and therefore no

20 response to allegations that relate to those claims is required.  The allegations contained in the first

21 sentence of this paragraph contain characterizations of the TAC to which no response is required.

22 To the extent a response is required, the Commission states that the TAC speaks for itself and denies

23 the allegations to the extent that they incompletely or incorrectly characterize the TAC.  The

24 Commission denies the allegations contained in the second and third sentences of this paragraph.

25      4.      The allegations contained in this paragraph are conclusions of law to which no

26 response is required.  To the extent a further response is required, the Commission denies the

27 allegations contained in this paragraph.

28

CTGC ANSWER TO PLAINTIFFS' TAC

5.     To the extent the first sentence of this paragraph sets forth factual assertions to which a response is required, the Commission denies that all of the acts and transactions complained of in the TAC "were conceived, carried out, made effective, and had effect within the State of California and within this district."  The Commission admits that its principal office is located in this District. Without admitting the truth of the allegations, the Commission also admits that a substantial part of the alleged events or omissions allegedly giving rise to Plaintiffs' First, Second, and Third Claims for Relief occurred in this District.  The Commission denies that a substantial part of the alleged events or omissions allegedly giving rise to Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief occurred in this District.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

## THE PARTIES

6.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies these allegations.

7.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies these allegations.

8.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies these allegations.

9.     The Commission admits the allegation contained in this paragraph.

10.    The Commission admits the allegation contained in this paragraph.

11.    The Commission admits that one of its purposes is to expand and maintain the market for California table grapes for the benefit of the State of California and California's table grape growers.  The Commission admits that the Commission is funded primarily by assessments levied on each shipment of California table grapes and that such assessments are paid by table grape shippers, who are authorized to collect such assessments from table grape producers.  The Commission admits the allegations contained in the third sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

12.    The allegations contained in this paragraph are conclusions of law to which no response is required.

CTGC ANSWER TO PLAINTIFFS' TAC

13.     The allegations contained in this paragraph are conclusions of law to which no response is required.

14.     The allegation contained in the first sentence of this paragraph is a conclusion of law to which no response is required.  The Commission admits that the United States Department of Agriculture's ("USDA") headquarters are located on Independence Avenue, S.W., Washington, D.C. 20004, but denies that they are located at 1301 Independence Avenue.

15.     The Commission is without information sufficient to form a belief as to the truth of the allegation contained in this paragraph and on that basis denies the allegation.

16.     The Commission admits that Tom Vilsack is the Secretary of Agriculture.  The remaining allegations contained in this paragraph are conclusions of law to which no response is required.

## FACTS

*Overview*

17.     The Commission admits that it has provided funding from assessments on shipments of California table grapes to a research program under the USDA to develop new table grape varieties.  The Commission admits that such assessments are paid by table grape shippers, who are authorized to collect such assessments from table grape producers.  The Commission admits that, as disclosed to the PTO, the USDA, prior to 2002, had provided (under specified conditions) the experimental selection then known as A61-16 (which was later named Sweet Scarlet) to certain growers for experimental use in grower trials under the direction and control of the USDA, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph and on that basis denies the allegations. The Commission admits that it is aware that, after an official decision was made to release one new variety, the USDA provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph and on that basis denies the allegations.  The Commission is without information sufficient to form a belief as to the truth of the allegation contained in the last

4                    CTGC ANSWER TO PLAINTIFFS' TAC

sentence of this paragraph and on that basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

18.     The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission admits that the USDA agreed to review the desirability of obtaining intellectual property protection on a variety-by-variety basis and subsequently applied for patent protection on certain new table grape varieties.  The Commission denies the allegations contained in the third sentence of this paragraph.  The Commission denies the allegations contained in the last sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

19.     The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission admits that nurseries sublicensed to distribute patented varieties would be permitted to sell plant material.  The Commission further admits that it is aware that, after an official decision was made to release one new variety, the USDA provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegation contained in the second sentence of this paragraph regarding "prior free distribution" and on that basis denies the allegation.  The Commission further admits that sublicensed nurseries are required to pay a royalty to the Commission for each plant sold.  The Commission is without information sufficient to form a belief as to the truth of the allegation that sublicensed nurseries are able to pass onto growers in the form of a higher price some or all royalties paid by the nursery and on that basis denies the allegation.  The Commission denies that nurseries were "hand-selected" and is without information sufficient to form a belief as to the truth of the remaining portion of the allegation contained in the last sentence of this paragraph and on that basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

20.     The Commission admits the allegations contained in the first sentence of this paragraph.  The allegations contained in the second, third, and fourth sentences of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the

CTGC ANSWER TO PLAINTIFFS' TAC

1    Commission states that the Domestic Grower License Agreement speaks for itself and denies the

2    allegations contained in the second, third, and fourth sentences of this paragraph to the extent that

3    they incompletely or incorrectly characterize the Agreement.  The Commission further denies that a

4    grower must always "purchase another plant from one of the three nurseries" in order to "replace" a

5    vine that has not been successfully grafted or planted and denies that "a grower must … pay a patent

6    royalty" to purchase a plant from one of the licensed nurseries.

7         21.    The Commission admits that it recommended that the USDA patent certain

8    experimental selections.  The Commission objects to the phrase "under development for years" as

9    unduly vague and on that basis denies the remaining allegations contained in the first sentence of

10   this paragraph.  The Commission denies the allegations contained in the second sentence of this

11   paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are

12   denied.

13        22.    The Commission admits that it developed an "amnesty program," but the

14   Commission otherwise denies the allegations contained in the first sentence of this paragraph.  The

15   Commission admits that it widely disseminated notices to growers and shippers regarding the

16   amnesty program and that these notices were sent before the patents at issue were granted, but the

17   Commission otherwise denies the allegations contained in the second sentence of this paragraph.

18   The Commission admits that the May 7, 2004 and July 12, 2004 memoranda to all California table

19   grape growers and shippers stated that growers could obtain amnesty if they agreed to make certain

20   payments and agreed to certain conditions set forth in the memoranda, including signing a license

21   agreement.  The Commission admits that the notices informed growers that they could face legal

22   action, including the possibility of damages and injunctive relief, if they declined to participate in

23   the amnesty program.  The Commission admits that it promised to "hold names of amnesty program

24   participants in confidence."  The Commission further states that the notices speak for themselves

25   and denies the allegations contained in the second, third, and fourth sentences of this paragraph to

26   the extent that they incompletely or incorrectly characterize the memoranda.  The Commission

27   admits that certain employees of the USDA knew of the amnesty program.  Except as expressly

28   admitted herein, the allegations contained in this paragraph are denied.

23. The Commission admits that at least 17 growers participated in the Sweet Scarlet amnesty program in some form, but the Commission otherwise denies the allegations contained in this paragraph, including the allegation that growers confirmed possession of Autumn King and Scarlet Royal under the amnesty program.

**The Patented Varieties**

**Sweet Scarlet**

24. The Commission admits the allegations contained in this paragraph, with the clarifications that the application listed David W. Ramming and Ronald E. Tarailo as co-inventors and that the '891 patent is entitled "Grapevine Plant Denominated 'Sweet Scarlet.'"

25. The Commission admits the allegation contained in this paragraph.

26. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Commission admits that it entered into a license agreement regarding the '891 patent with the United States Government, as represented by the United States Department of Agriculture, Agricultural Research Service. The Commission further states that the license speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the license, and in particular denies that the Commission has the right under the agreement to enforce the '891 patent against alleged infringers in the absence of permission from the USDA.

**Autumn King**

27. The Commission admits the allegations contained in this paragraph, with the clarification that the application listed David W. Ramming and Ronald E. Tarailo as co-inventors.

28. The Commission admits the allegation contained in this paragraph.

29. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Commission admits that it entered into a license agreement regarding the '284 patent with the United States Government, as represented by the United States Department of Agriculture, Agricultural Research Service. The Commission further states that the license speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the license, and in

CTGC ANSWER TO PLAINTIFFS' TAC

1 particular denies that the Commission has the right under the agreement to enforce the '284 patent

2 against alleged infringers in the absence of permission from the USDA.

3        *Scarlet Royal*

4     30.    The Commission admits the allegations contained in this paragraph, with the

5 clarification that the application listed David W. Ramming and Ronald E. Tarailo as co-inventors.

6     31.    The Commission admits the allegation contained in this paragraph.

7     32.    The allegations contained in this paragraph are conclusions of law to which no

8 response is required.  To the extent a response is required, the Commission admits that it entered

9 into a license agreement regarding the '229 patent with the United States Government, as

10 represented by the United States Department of Agriculture, Agricultural Research Service.  The

11 Commission further states that the license speaks for itself and denies the allegations contained in

12 this paragraph to the extent that they incompletely or incorrectly characterize the license, and in

13 particular denies that the Commission has the right under the agreement to enforce the '229 patent

14 against alleged infringers in the absence of permission from the USDA.

15        *The Patenting and Licensing Program*

16     33.    The Commission denies the allegation contained in the first sentence of this

17 paragraph.  The Commission admits that at times it has operated at a surplus and has retained surplus

18 funds for use in future years, but the Commission otherwise denies the allegations contained in the

19 second sentence of this paragraph.

20     34.    The Commission admits that Dr. Ramming, the co-inventor of the Patented Varieties,

21 is a researcher at a USDA facility located near Fresno, California.  The Commission admits that for

22 at least 20 years, Dr. Ramming has operated a USDA research program relating to the development

23 of new table grape varieties.  The Commission admits that since the early 1980s it has funded a

24 portion of the USDA's grapevine breeding program with funds derived from assessments on the

25 shipment of California table grapes.  The Commission is without information sufficient to form a

26 belief as to the truth of the allegation contained in the last sentence of this paragraph and on that

27 basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this

28 paragraph are denied.

35.     The Commission admits the allegation contained in the first sentence of this paragraph.  The Commission admits that it is aware that, after an official decision was made to release one new variety, the USDA provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and on that basis denies the allegations.  The Commission admits that, as the USDA disclosed to the PTO, prior to the patenting and licensing program, the USDA provided certain growers with certain plant material for the purpose of conducting experimental grower trials under the direction of the inventors and that certain varieties were officially released for distribution, but the Commission denies that the grower trials involved the experimental selections later named Autumn King and Scarlet Royal and is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of this paragraph and on that basis denies the allegations.  The Commission denies the allegation contained in the fifth sentence of this paragraph that release of a new variety was not an "official" act.  The Commission admits that after an official decision was made to release one new variety, the USDA announced the availability of the new variety and provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis.  The Commission is without information sufficient to form a belief as to the truth of the allegation contained in the seventh sentence of this paragraph that growers "funded much of the development costs" of various unnamed varieties and on that basis denies the allegations, but the Commission otherwise admits the allegations contained in the sixth and seventh sentences of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

36.     The Commission admits that growers participating in the grower trials were allowed to reproduce the experimental selection on their own farms under the direction of the inventors, grow the experimental selection for experimental use under the direction of the inventors, sell the fruit produced (which cannot be used to propagate the experimental selection), and retain the proceeds of those sales, but the Commission otherwise denies the allegations contained in the first

CTGC ANSWER TO PLAINTIFFS' TAC

sentence of this paragraph. The Commission denies the allegations contained in the second sentence of this paragraph. The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of this paragraph and on that basis denies the allegations.

37. The Commission denies the allegations contained in the first, second, and fifth sentences of this paragraph. The Commission is without information sufficient to form a belief as to the truth of the allegation contained in the third sentence of this paragraph and on that basis denies the allegation. The Commission admits that it is aware that, after an official decision was made to release one new variety, the USDA provided small amounts of plant material from the variety free of charge to a limited number of growers on a first-come, first-served basis, but the Commission is otherwise without information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph and on that basis denies the allegations.

38. The Commission denies the allegations contained in this paragraph.

39. The Commission denies the allegations contained in the first, second, third, and fifth sentences of this paragraph. The Commission admits that in the past foreign growers sometimes obtained new table grape varieties developed by the USDA with partial funding from the Commission and at times used those varieties to compete with California growers, but the Commission otherwise denies the allegations contained in the fourth sentence of this paragraph.

40. The Commission denies the allegations contained in the first and second sentences of this paragraph. The Commission admits that its license agreements with USDA require it or its sublicensees eventually to offer the patented varieties for sale outside of the United States, but the Commission otherwise denies the allegations contained in the third sentence of this paragraph.

41. The Commission admits that it has a patenting and licensing program, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph. The Commission denies the allegations contained in the remaining sentences of this paragraph.

42. The allegations contained in the first and second sentences of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the Commission admits that it entered into a Memorandum of Understanding ("MOU") with the USDA,

CTGC ANSWER TO PLAINTIFFS' TAC

but states that the MOU speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the MOU.  The Commission admits that neither the USDA nor the Commission was required to provide notice of the MOU and that publication of the MOU and its terms in the Federal Register for notice and comment was not required.  The Commission denies that the Commission did not provide notice of the MOU and is without information sufficient to form a belief as to the truth of the allegation that the USDA did not provide notice and on that basis denies the allegation.

43.     The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

### *The Commission's Licenses to Nurseries and Plaintiffs*

44.     The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission admits that the selection of nurseries was not required to be "published in the Federal Register," but the Commission otherwise denies the allegations contained in the second sentence of this paragraph.  The Commission admits that, among the nurseries licensed, it has entered into license agreements regarding the Sweet Scarlet, Autumn King, and Scarlet Royal varieties with Sunridge Nurseries, Vintage Nurseries, and Casa Cristal Nurseries.  The Commission is without information sufficient to form a belief as to the truth of the allegation that Casa Cristal Nursery is owned by Andrew Zaninovich and on that basis denies the allegation.  The Commission admits that Andrew Zaninovich's father is Marko B. Zaninovich and that Marko B. Zaninovich has served and continues to serve as a board member of the Commission.

45.     The allegations contained in the first two sentences of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the agreements between the Commission and the nurseries speak for themselves and denies the allegations contained in the first two sentences of this paragraph to the extent that they incompletely or incorrectly characterize those agreements.  The Commission further states that it charges nurseries who distribute patented varieties a $5,000 participation fee per patented variety and an additional $1 royalty per production unit sold, but the Commission otherwise denies the allegations contained in

CTGC ANSWER TO PLAINTIFFS' TAC

the second sentence of this paragraph. The Commission is without information sufficient to form a belief as to the truth of the allegation contained in the third sentence of this paragraph that the royalties paid by licensed nurseries "are then passed on by the nurseries to the California grape growers who purchase the patented plant material from the nurseries, including Plaintiffs who purchased the Patented Varieties" and on that basis denies the allegation. The Commission admits that the terms of its agreements with nurseries were not required to be published in the Federal Register for notice and comment, but the Commission otherwise denies the allegations contained in the fourth sentence of this paragraph.

46.    The allegations contained in the first two sentences of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Commission states that the Domestic Grower Agreements speak for themselves and denies the allegations contained in the first two sentences of this paragraph to the extent that they incompletely or incorrectly characterize those Agreements. The Commission admits that the terms of its Domestic Grower Agreements were drafted by the Commission and approved the USDA and were not required to be published in the Federal Register for notice and comment, but the Commission otherwise denies the allegations contained in the third sentence of this paragraph.

47.    The Commission admits that royalties paid by nurseries are paid to the Commission and that it pays a portion of the royalties it receives to the USDA, but the Commission otherwise denies the allegations contained in this paragraph.

48.    The Commission denies the allegations contained in this paragraph.

49.    The Commission admits that its Board and relevant committees, including the Research Committee, help oversee and administer the Commission's patenting and licensing activities, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph. The Commission admits that the Board sets the royalty rates on patented plants subject to approval by USDA, but the Commission otherwise denies the allegations contained in the second sentence of this paragraph. The Commission admits that the Research Committee makes recommendations to Dr. Ramming regarding the USDA's breeding program and which new experimental selections should be patented and released, but the Commission otherwise denies the

CTGC ANSWER TO PLAINTIFFS' TAC

allegations contained in the third sentence of this paragraph.  The Commission admits that to date the USDA, exercising its ultimate decision-making authority, has patented only new table grape varieties that the Commission has recommended for patenting and has applied for patents only on new table grape experimental selections once receiving a recommendation from the Commission to do so, but the Commission otherwise denies the allegations contained in the fourth sentence of this paragraph.

### Release of the Patented Varieties

50.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

51.     The Commission admits that by 2001, its Research Committee was evaluating the experimental selections later named Sweet Scarlet, Autumn King, and Scarlet Royal, along with other experimental selections, for the purpose of, among other things, formulating a recommendation to the USDA on whether the experimental selections should be released.  The Commission admits the allegations contained in the second and third sentences of this paragraph. The Commission admits that the USDA filed a patent application on the Sweet Scarlet variety in February 2003.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

52.     The Commission admits that it recommended proceeding with the patenting and release of the experimental selection later known as Sweet Scarlet.  The Commission admits that it recommended that any release of the experimental selections later known as Autumn King and Sweet Scarlet await further evaluation and research.  The Commission denies the allegations contained in the third and fourth sentences of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

53.     The Commission denies the allegations contained in this paragraph.

54.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and on that basis denies the allegations.  The Commission admits that in response to the amnesty program memoranda referenced below, some growers indicated that they had engaged in some "non-grower-trial uses" of

the Sweet Scarlet variety, but the Commission otherwise denies the allegations contained in the second sentence of this paragraph for lack of information sufficient to form a belief as to the truth of the allegations.  The Commission admits that in May 2004 it sent a memorandum to all California table grape growers and shippers.  The Commission states that the memorandum speaks for itself and denies the allegations contained in the third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the memorandum.  To the extent a further response is required, the Commission responds as follows:  The Commission admits that the memorandum informed growers and shippers that the USDA had applied for a patent on the Sweet Scarlet variety.  The Commission admits that the patent on Sweet Scarlet issued on July 26, 2005, and that in the May 2004 notice the Commission stated that it was offering "amnesty" to any grower with unreleased Sweet Scarlet plant material.  The Commission admits that participants in the amnesty program had to pay a license fee of $2 per grapevine and agree to no further propagation of the Sweet Scarlet variety from the plants, but denies the remaining allegations contained in the fifth sentence of this paragraph.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

55.    The Commission admits the allegations contained in this paragraph, with the clarification that the notice stated that the amnesty program included "any unreleased USDA varieties."

56.    The Commission admits that the May 2004 notice stated that "the commission will, if necessary, pursue all available remedies to prevent the misappropriation and unlawful exploitation of these property rights, including requiring the grafting or removal of unauthorized grapevines, enjoining from shipping the unauthorized fruit, and obtaining compensation for financial and other damages caused by the unlawful use of this proprietary material."  The Commission admits that the July 2004 notice stated: "Failure to accept this agreement will, unfortunately, result in legal action and escalating financial penalties.  In addition to the penalties outlined above, those in violation of the USDA plant patent and commission license will face court-ordered injunctions preventing the sale of the variety and/or court-ordered destruction of the vines as well as monetary damages for patent infringement and prohibition from receiving any future patented and licensed varieties."  The

CTGC ANSWER TO PLAINTIFFS' TAC

Commission further states that the memoranda speak for themselves and denies the allegations contained in the first sentence of this paragraph to the extent that they incompletely or incorrectly characterize the memoranda.  The Commission admits that the patent on Sweet Scarlet issued on July 26, 2005.  The Commission admits that the July 2004 notice was sent between June 29, 2004, when the Examiner issued his initial office action preliminarily rejecting claim 1 of the Sweet Scarlet patent on limited grounds, and October 29, 2004, when the Examiner issued a notice of allowability.  The Commission admits that the patent applications for Autumn King and Scarlet Royal were filed on September 28, 2004.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

57.     The Commission admits the allegations contained in the first and fourth sentences of this paragraph.  The allegations contained in the second and third sentences of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the notice speaks for itself and denies the allegations contained in the second and third sentences of this paragraph to the extent that they incompletely or incorrectly characterize the notice.  To the extent a further response is required, the Commission denies the allegations contained in the second and third sentences of this paragraph.

58.     The Commission admits the allegations contained in the first and fourth sentences of this paragraph.  The allegations contained in the second and third sentences of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the notice speaks for itself and denies the allegations contained in the second and third sentences of this paragraph to the extent that they incompletely or incorrectly characterize the notice.  To the extent a further response is required, the Commission denies the allegations contained in the second and third sentences of this paragraph.

### Plaintiffs' Purchases of the Patented Varieties

59.     The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. purchased Autumn King, Sweet Scarlet, and Scarlet Royal vines from Licensed Nurseries.  The Commission admits that Plaintiff Four Star Fruit, Inc. purchased Scarlet Royal vines from Licensed Nurseries.  The Commission denies that Plaintiff Four Star Fruit, Inc. purchased

CTGC ANSWER TO PLAINTIFFS' TAC

Autumn King or Sweet Scarlet vines from Licensed Nurseries.  The Commission denies that Plaintiffs paid the royalties on each purchased plant.  The Commission is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

60.     The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. have entered into a Domestic Grower License Agreement with the Commission with respect to the '891 patent, but denies that Plaintiff Four Star Fruit, Inc. has done so.  The Commission denies that Plaintiffs have paid a license fee to a Licensed Nursery in consideration for entering into the Domestic Grower License Agreement.  The allegations in the second, third, fourth, and fifth sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second, third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

61.     The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. have entered into a Domestic Grower License Agreement with the Commission with respect to the '284 patent, but denies that Plaintiff Four Star Fruit, Inc. has done so.  The Commission denies that Plaintiffs have paid a license fee to a Licensed Nursery in consideration for entering into the Domestic Grower License Agreement.  The allegations in the second, third, fourth, and fifth sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second, third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

62.     The Commission admits that Plaintiffs have entered into a Domestic Grower License Agreement with the Commission with respect to the '229 patent.  The Commission denies that Plaintiffs have paid a license fee to a Licensed Nursery in consideration for entering into the Domestic Grower License Agreement.  The allegations in the second, third, fourth, and fifth

sentences of this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, the Commission states that the Domestic Grower License Agreement speaks for itself and denies the allegations contained in the second, third, fourth, and fifth sentences of this paragraph to the extent that they incompletely or incorrectly characterize the Agreement.

### First Claim for Relief

63.     The Commission incorporates by reference its earlier responses to paragraphs 1-62 as if fully set forth herein.

64.     The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent a response is required, the Commission states that the TAC speaks for itself and denies the allegations contained in this paragraph to the extent that they incompletely or incorrectly characterize the TAC.

65.     The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

66.     The Commission admits that it is the licensee of the '891 patent and that the Commission requires growers to sign a Domestic Grower License Agreement before they can plant Sweet Scarlet grapevines and harvest fruit from Sweet Scarlet grapevines, but the Commission otherwise denies the allegations contained in the first sentence of this paragraph.

67.     The Commission admits that Plaintiffs Delano Farms Company and Gerawan Farming, Inc. have obtained a limited license to use the Sweet Scarlet variety in compliance with the terms of the Domestic Grower License Agreement.  The Commission denies that Plaintiff Four Star Fruit, Inc. has obtained such a license.  The Commission is without information sufficient to form a belief as to the truth of the allegation that Plaintiffs "possess Sweet Scarlet grapevines" and on that

1   basis denies the allegation.  Except as expressly admitted herein, the allegations contained in this

2   paragraph are denied.

3       68.     The allegations contained in this paragraph are conclusions of law to which no

4   response is required.  To the extent that a response is required, the Commission denies the

5   allegations contained in this paragraph.

6       69.     The allegation contained in this paragraph is a conclusion of law to which no

7   response is required.  To the extent that a response is required, the Commission is without

8   information sufficient to form a belief as to the truth of the allegation contained in this paragraph

9   and on that basis denies the allegation.

10      70.     The allegation contained in this paragraph is a conclusion of law to which no

11  response is required.  The Commission further states that no response is required to allegations that

12  relate to any purported claim under the Administrative Procedure Act because any such claim has

13  been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

14  denies the allegations contained in this paragraph.

15      71.     The Commission denies the allegations contained in the first sentence of this

16  paragraph.  The Commission is without information sufficient to form a belief as to the truth of the

17  allegations contained in the second sentence of this paragraph and on that basis denies the

18  allegations.  The Commission denies the allegations contained in the third sentence of this

19  paragraph.  The Commission further states that no response is required to allegations that relate to

20  any purported claim under the Administrative Procedure Act because any such claim has been

21  dismissed and is no longer at issue.

22      72.     The allegation contained in this paragraph is a conclusion of law to which no

23  response is required.  To the extent that a response is required, the Commission denies the allegation

24  contained in this paragraph.

25      73.     The allegation contained in this paragraph is a conclusion of law to which no

26  response is required.  The Commission further states that no response is required to allegations that

27  relate to any purported claim under the Administrative Procedure Act because any such claim has

28

1 been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

2 denies the allegation contained in this paragraph.

3                                   **Second Claim for Relief**

4          74.      The Commission incorporates by reference its earlier responses to paragraphs 1-73 as

5 if fully set forth herein.

6          75.      The allegations contained in this paragraph are conclusions of law to which no

7 response is required.  The Commission further states that no response is required to allegations that

8 relate to any purported claim under the Administrative Procedure Act because any such claim has

9 been dismissed and is no longer at issue.  To the extent a response is required, the Commission states

10 that the TAC speaks for itself and denies the allegations contained in this paragraph to the extent that

11 they incompletely or incorrectly characterize the TAC.

12         76.      The allegations contained in this paragraph are conclusions of law to which no

13 response is required.  The Commission further states that no response is required to allegations that

14 relate to any purported claim under the Administrative Procedure Act because any such claim has

15 been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

16 denies the allegations contained in this paragraph.

17         77.      The Commission admits that it is the licensee of the '284 patent and that the

18 Commission requires growers to sign a Domestic Grower License Agreement before they can plant

19 Sweet Scarlet [sic] grapevines and harvest fruit from Sweet Scarlet [sic] grapevines, but the

20 Commission otherwise denies the allegations contained in the first sentence of this paragraph.

21         78.      The Commission admits that Plaintiffs Delano Farms Company and Gerawan

22 Farming, Inc. have obtained a limited license to use the Autumn King variety in compliance with the

23 terms of the Domestic Grower License Agreement.  The Commission denies that Plaintiff Four Star

24 Fruit, Inc. has obtained such a license.  The Commission is without information sufficient to form a

25 belief as to the truth of the allegation that Plaintiffs "possess Sweet Scarlet grapevines" [sic] and on

26 that basis denies the allegation.  Except as expressly admitted herein, the allegations contained in

27 this paragraph are denied.

28

79.     The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

80.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission is without information sufficient to form a belief as to the truth of the allegation contained in this paragraph and on that basis denies the allegation.

81.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

82.     The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and on that basis denies the allegations.  The Commission denies the allegations contained in the third sentence this paragraph. The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.

83.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

84.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

CTGC ANSWER TO PLAINTIFFS' TAC

1

### Third Claim for Relief

2    85.    The Commission incorporates by reference its earlier responses to paragraphs 1-84 as

3    if fully set forth herein.

4    86.    The allegations contained in this paragraph are conclusions of law to which no

5    response is required.  The Commission further states that no response is required to allegations that

6    relate to any purported claim under the Administrative Procedure Act because any such claim has

7    been dismissed and is no longer at issue.  To the extent a response is required, the Commission states

8    that the TAC speaks for itself and denies the allegations contained in this paragraph to the extent that

9    they incompletely or incorrectly characterize the TAC.

10    87.    The allegations contained in this paragraph are conclusions of law to which no

11    response is required.  The Commission further states that no response is required to allegations that

12    relate to any purported claim under the Administrative Procedure Act because any such claim has

13    been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

14    denies the allegations contained in this paragraph.

15    88.    The Commission admits that it is the licensee of the '229 patent and that the

16    Commission requires growers to sign a Domestic Grower License Agreement before they can plant

17    Sweet Scarlet [sic] grapevines and harvest fruit from Sweet Scarlet [sic] grapevines, but the

18    Commission otherwise denies the allegations contained in the first sentence of this paragraph.

19    89.    The Commission admits that Plaintiffs have obtained a limited license to use the

20    Scarlet Royal variety in compliance with the terms of the Domestic Grower License Agreement.

21    The Commission is without information sufficient to form a belief as to the truth of the allegation

22    that Plaintiffs "possess Sweet Scarlet grapevines" [sic] and on that basis denies the allegation.

23    Except as expressly admitted herein, the allegations contained in this paragraph are denied.

24    90.    The allegations contained in this paragraph are conclusions of law to which no

25    response is required.  To the extent that a response is required, the Commission denies the

26    allegations contained in this paragraph.

27    91.    The allegation contained in this paragraph is a conclusion of law to which no

28    response is required.  To the extent that a response is required, the Commission is without

CTGC ANSWER TO PLAINTIFFS' TAC

information sufficient to form a belief as to the truth of the allegation contained in this paragraph and on that basis denies the allegation.

92.   The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

93.   The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and on that basis denies the allegations.  The Commission denies the allegations contained in the third sentence of this paragraph.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.

94.   The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

95.   The allegation contained in this paragraph is a conclusion of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

**Fourth Claim for Relief**

96.   The Commission incorporates by reference its earlier responses to paragraphs 1-95 as if fully set forth herein.

97.   The Commission denies that the Sweet Scarlet variety was in public use through reproduction prior to February 2002.  The Commission admits that, as the USDA disclosed to the PTO, fruit from the A61-16 experimental selection (which cannot be used to propagate the selection)

was sold before February 2002 as part of the grower trials.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

98.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

99.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

100.     The Commission is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

101.     The allegation contained in the first sentence of this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegation contained in the first sentence of this paragraph.  The Commission denies the allegation contained in the second and third sentences of this paragraph.

102.     The allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the Commission denies the allegation contained in this paragraph.

103.     The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

104.     The allegations contained in this paragraph are conclusions of law to which no response is required.  The Commission further states that no response is required to allegations that relate to any purported claim under the Administrative Procedure Act because any such claim has been dismissed and is no longer at issue.  To the extent that a response is required, the Commission denies the allegations contained in this paragraph.

105.     The Commission denies the allegations contained in the first sentence of this paragraph.  The Commission is without information sufficient to form a belief as to the truth of the

CTGC ANSWER TO PLAINTIFFS' TAC

1   allegations contained in the second sentence of this paragraph and on that basis denies the

2   allegations.  The Commission denies the allegations contained in the third sentence of this

3   paragraph.

4          106.    The allegation contained in this paragraph is a conclusion of law to which no

5   response is required.  To the extent that a response is required, the Commission is without

6   information sufficient to form a belief as to the truth of the allegation contained in this paragraph

7   and on that basis denies the allegation.

8          107.    The allegations contained in this paragraph are conclusions of law to which no

9   response is required.  The Commission further states that no response is required to allegations that

10  relate to any purported claim under the Administrative Procedure Act because any such claim has

11  been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

12  denies the allegations contained in this paragraph.

13         108.    The allegation contained in this paragraph is a conclusion of law to which no

14  response is required.  The Commission further states that no response is required to allegations that

15  relate to any purported claim under the Administrative Procedure Act because any such claim has

16  been dismissed and is no longer at issue.  To the extent that a response is required, the Commission

17  denies the allegation contained in this paragraph.

18                              **Fifth Claim for Relief**

19         109.    The Commission incorporates by reference its earlier responses to paragraphs 1-108

20  as if fully set forth herein.

21         110.    The allegation contained in this paragraph is a conclusion of law to which no

22  response is required.  To the extent that a response is required, the Commission denies the allegation

23  contained in this paragraph.

24         111.    The allegation contained in this paragraph is a conclusion of law to which no

25  response is required.  To the extent that a response is required, the Commission denies the allegation

26  contained in this paragraph.

27

28

CTGC ANSWER TO PLAINTIFFS' TAC

1

**Sixth Claim for Relief**

2     112.    The Commission incorporates by reference its earlier responses to paragraphs 1-111

3   as if fully set forth herein.

4     113.    The allegation contained in this paragraph is a conclusion of law to which no

5   response is required.  To the extent that a response is required, the Commission denies the allegation

6   contained in this paragraph.

7     114.    The allegations contained in this paragraph are conclusions of law to which no

8   response is required.  To the extent that a response is required, the Commission denies the

9   allegations contained in this paragraph.

10    115.    The allegations contained in this paragraph are conclusions of law to which no

11  response is required.  To the extent that a response is required, the Commission denies the

12  allegations contained in this paragraph.

13

**Prayer for Relief**

14    116.    To the extent a response is necessary to the prayer for relief, the Commission denies

15  that Plaintiffs are entitled to the relief requested in the TAC or to any relief whatsoever.

16

17

**THE COMMISSION'S DEFENSES TO PLAINTIFFS' TAC**

18      The Commission asserts the following defenses to Plaintiffs' TAC.  Assertion of a defense is

19  not a concession that the Commission has the burden of proving the matter asserted.  The

20  Commission reserves the right to assert all other defenses that may be revealed subsequent to this

21  Answer.

22

**FIRST DEFENSE**

23    117.    Plaintiffs fail to state a claim upon which relief can be granted under Fed. R. Civ. P.

24  12(b)(6).

25

**SECOND DEFENSE**

26    118.    Plaintiffs' claims must be dismissed under Fed. R. Civ. P. 12(b)(7) and Rule 19 for

27  failure to join a party.

28

**THIRD DEFENSE**

119.   To the extent applicable, Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, and unclean hands.

**FOURTH DEFENSE**

120.   Portions of Plaintiffs' first, second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, as well as Plaintiffs' claim for unjust enrichment, have been dismissed.  Further litigation of those claims is barred under the mandate rule.

**FIFTH DEFENSE**

121.   Portions of Plaintiffs' first, second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, as well as Plaintiffs' claim for unjust enrichment, have been dismissed.  Further litigation of those claims is barred under the law of the case doctrine.

**SIXTH DEFENSE**

122.   Portions of Plaintiffs' first, second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, as well as Plaintiffs' claim for unjust enrichment, have been dismissed.  Further litigation of those claims is barred under the doctrine of issue preclusion (collateral estoppel).

**SEVENTH DEFENSE**

123.   Portions of Plaintiffs' first, second, third, and fourth claims that purport to state claims under the Administrative Procedure Act or to challenge the licenses from the USDA to the Commission, as well as Plaintiffs' claim for unjust enrichment, have been dismissed.  Further litigation of those claims is barred under the doctrine of claim preclusion (*res judicata*).

**EIGHTH DEFENSE**

124.   Plaintiff Four Star Fruit, Inc. does not have standing to raise any claims relating to the '891 and '284 patents.

CTGC ANSWER TO PLAINTIFFS' TAC

**NINTH DEFENSE**

125.    Plaintiffs do not have standing to recover royalties paid to the Commission by Licensed Nurseries.

**TENTH DEFENSE**

126.    Plaintiffs do not have standing to recover sums paid by other growers.

**ELEVENTH DEFENSE**

127.    The sovereign immunity of the United States and principles of federal preemption bar Plaintiffs from recovering royalties collected by the Commission on behalf of the United States.

**TWELFTH DEFENSE**

128.    Plaintiffs are not entitled to recover royalties previously paid because they cannot present proof by clear and convincing evidence that they relied on fraudulent statements by the Commission when they entered into the Domestic Grower Agreements.

**THIRTEENTH DEFENSE**

129.    Plaintiffs are not entitled to recover sums paid before the initiation of their lawsuit because such sums were paid under an existing license agreement.

WHEREFORE, the Commission respectfully requests the following relief:

A.    That the Court dismiss the TAC with prejudice and deny each prayer for relief sought by Plaintiffs;

B.    That the Commission recover from Plaintiffs all expenses, including costs and attorney's fees, to which it is entitled; and

C.    That the Court grant such further relief as the Court deems just and proper.

Plaintiffs are not entitled to a jury trial.

1   Date:   June 11, 2012

2                                       Respectfully submitted,

3                                       WILMER CUTLER PICKERING
4                                          HALE AND DORR LLP

5                                       /s/ Brian M. Boynton
6                                       Brian M. Boynton

7                                       Attorneys for Defendant THE CALIFORNIA
                                       TABLE GRAPE COMMISSION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        CTGC ANSWER TO PLAINTIFFS' TAC